# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**CLIFTON VANCE,**

    Plaintiff,

v.                                                       CIVIL ACTION NO.: 5:16-CV-166 (STAMP)

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    Defendant.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This case arises from the denial of Plaintiff Clifton Vance's ("Plaintiff") Title II application for a period of disability and disability insurance benefits ("DIB") and Title XVI application for supplemental security income ("SSI"). After Plaintiff's application proceeded through the administrative process, a United States Administrative Law Judge Mark A. O'Hara ("the ALJ") concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Now, Plaintiff seeks judicial review of the ALJ's decision. Because the ALJ's decision to deny Plaintiff's claim for DIB and SSI is supported by substantial evidence, the undersigned recommends that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted.

### II. PROCEDURAL HISTORY

On June 12, 2013, Plaintiff filed a claim for disability, DIB, and SSI, alleging that his disability began on April 15, 2012. R. 254–60. Plaintiff's claims were denied initially,

R. 143–45, 150–52, and on reconsideration, R. 156–63. After these denials, Plaintiff filed a written request for a hearing before an ALJ. R. 164–65. On February 12, 2016, a hearing was held before the ALJ in Petersburg, West Virginia. R. 39–83. Plaintiff, represented by counsel Steven Shea, Esq., and Jeannie Deal, an impartial vocational expert, appeared in person. R. 39. Approximately four months later, the ALJ issued a decision concluding that Plaintiff was not disabled within the meaning of the Social Security Act. R. 16–33. On September 9, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1–4.

On November 8, 2016, Plaintiff, through counsel Scott B. Elkind, Esq., filed a Complaint in this Court to obtain judicial review of the Commissioner's final decision pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (2015). Compl., ECF No. 1. The Commissioner, through counsel Helen Campbell Altmeyer, Assistant United States Attorney, filed her Answer and the Administrative Record of the proceedings on February 13, 2017. Answer, ECF No. 8; Admin. R., ECF No. 9. Soon thereafter, Plaintiff and the Commissioner filed their Motions for Summary Judgment and their supporting briefs on March 15, 2017 and April 13, 2017, respectively. Pl.'s Mot. Summ. J., ECF No. 12; Def.'s Mot. Summ. J., ECF No. 15.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 9.02(a). Having reviewed the parties' motions and the administrative record, the undersigned now issues the following Report and Recommendation.

## III.  THE FIVE-STEP EVALUATION PROCESS

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement [of twelve months] . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairments(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a), 416.920(a). "If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional

capacity [("RFC")] based on all the relevant medical and other evidence in your case record, as explained in § 404.1545." 20 C.F.R. §§ 404.1520(e), 416.920 (e).

> (iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. Richardson v. Califano, 574 F.2d 802, 804 (4th Cir. 1978). Once the claimant so proves, the burden shifts to the Commissioner at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. Hicks v. Gardner, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be disabled or not disabled during any of the five steps, the process will not proceed to the next step. 20 C.F.R. §§ 404.1520, 416.920.

## IV. ADMINISTRATIVE LAW JUDGE'S DECISION

At step one of the sequential evaluation process outlined above, the ALJ found that although Plaintiff had worked since April 15, 2012, the alleged onset date, Plaintiff had not engaged in substantial gainful activity. R. 22. At step two, the ALJ found that Plaintiff suffers from two severe impairments: Anxiety and major depressive disorders. R. 22–23. At the third step, the ALJ found that Plaintiff does not have an impairment, or combination of impairments, that meet or medically equal the severity of one of the listed impairments. R. 23–25. Then, the ALJ determined that Plaintiff had the RFC "to

4

perform a full range of work at all exertional levels, but with the following nonexertional limitations: limited to unskilled, low stress (meaning work in a stable environment) with minimal (which is less than occasional, but more than none) interaction with the public." R. 25–31. At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work as a sorter and cook helper. R. 31–32. In addition, the ALJ proceeded to step five and concluded, in the alternative, that even if Plaintiff is not capable of performing his past relevant work, Plaintiff is nevertheless capable of performing other jobs in the national economy that exist in significant numbers. R. 32–33. Thus, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. R. 33.

## V. DISCUSSION

### A. Scope of Review

In reviewing an administrative finding of no disability, the scope of review is limited to determining whether the ALJ applied the proper legal standards and whether the ALJ's factual findings are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). A "factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Likewise, a factual finding by the ALJ is not binding if it is not supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is "'such relevant evidence as a reasonable mind might accept to support a conclusion.'" Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Elaborating on this definition, the United States Court of Appeals for the Fourth Circuit has stated that substantial evidence "consists of more than a mere

5

scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a jury verdict were the case before a jury, then there is 'substantial evidence.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). When determining whether substantial evidence exists, a court must "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ['s]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (citation omitted).

**B.    Contentions of the Parties**

In his motion for summary judgment, Plaintiff contends that the ALJ's decision is not supported by substantial evidence. See generally Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 13. Specifically, Plaintiff submits that the ALJ (1) erroneously assessed Plaintiff's RFC and (2) erroneously evaluated Plaintiff's subjective complaints. Id. at 4–13. Based on these alleged errors, Plaintiff asks this Court to reverse the ALJ's decision below and grant him summary judgment or, alternatively, remand his case for further proceedings. ECF No. 12 at 1.

Conversely, the Commissioner argues that the ALJ's decision is supported by substantial evidence. See generally Def.'s Br. Supp. Mot. Summ. J, ECF No. 16. Addressing Plaintiff's arguments for summary judgment, the Commissioner avers that (1) the ALJ appropriately accommodated Plaintiff's moderate limitations in concentration, persistence, or pace and (2) the ALJ's assessment of Plaintiff's subjective complaints is supported by substantial evidence. ECF No. 16 at 8–13. Accordingly, the Commissioner requests this Court to affirm the ALJ's decision. Id. at 14.

**C.　The ALJ's Decision is Supported by Substantial Evidence**

    **1.　The ALJ Did Not Erroneously Assess Plaintiff's RFC**

Here, Plaintiff argues that the ALJ erroneously assessed Plaintiff's RFC for two separate reasons: First, Plaintiff argues that the ALJ did not conduct the requisite function-by-function analysis; Second, Plaintiff argues that the ALJ did not include a limitation that accounted for Plaintiff's moderate difficulty with concentration, persistence, or pace in Plaintiff's RFC. ECF No. 13 at 7. In support, Plaintiff directs the Court's attention to Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Id. at 6–9.

    **a.　The ALJ's Determination of Plaintiff's RFC Does Not Frustrate Meaningful Review**

First, Plaintiff argues that the ALJ failed to conduct the requisite function-by-function analysis. ECF No. 13 at 7.

"The process for assessing RFC is set out in Social Security Ruling 96-8p." Monroe v. Colvin, 826 F.3d 176, 187 (4th Cir. 2016) (citing Mascio, 780 F.3d at 636); see also SSR 96-8p, 1996 WL 374184 (July 2, 1996). "Under that ruling, the assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Monroe, 826 F.3d at 187 (internal quotations omitted) (citations omitted). Although the ALJ is required to conduct a function-by-function analysis, the United States Court of Appeals for the Fourth Circuit has not adopted "a per se rule requiring remand when the ALJ does not perform . . . [said] analysis." Mascio, 780 F.3d at 636; cf. Monroe, 826 F.3d at 188. Indeed, the salient point from the Fourth Circuit's decisions in Mascio and Monroe is "that 'remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant

functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" Monroe, 826 F.3d at 188 (emphasis added) (quoting Mascio, 780 F.3d at 636). Accordingly, this Court must first determine whether the ALJ failed to assess Plaintiff's capacity to perform relevant functions. See id. If so, the Court must then determine whether the ALJ's failure frustrates meaningful review because of contradictory evidence or other inadequacies in the record. See id. Finally, if the ALJ's failure frustrates meaningful review, the Court must determine if remanding to the ALJ is appropriate under the circumstances. See id. The undersigned addresses the second question, which is dispositive.[1]

Here, the ALJ's analysis does not frustrate meaningful review because the record is adequate and substantially supports the ALJ's RFC determination. Indeed, the ALJ's thorough step-five analysis spanned no less than six-plus pages. R. 25–31. In those six-plus pages, the ALJ summarized Plaintiff's mental history and treatment from May 2012 to February 2016. Id. Significantly, Plaintiff's claim for DIB and SSI is based on the assertion that he has been unable to work since April 15, 2012 because of his severe depression and suicidal ideations. R. 25. During that time, however, Plaintiff held a part-time job for approximately three-months, R. 48, collected unemployment benefits, R. 29, and completed a two-year vocational program focused on computer programming, R. 27. In addition, Plaintiff regularly reported to his treating psychologists that he was unable to obtain work, R. 27–29, and "spends his time on the computer, reading, watching movies, or going to the library." R. 26; see also 29. Further, Plaintiff's treating

---

[1] The undersigned need not decide whether the ALJ properly conducted the requisite function-by-function analysis because the undersigned nevertheless concludes that the ALJ's determination of Plaintiff's RFC does not frustrate meaningful review.

8

psychologists noted that Plaintiff would likely have a more favorable prognosis if he obtained employment or relocated to a new area. R. 27–28.

Logically, then, it follows that someone who is (1) working part-time, (2) receiving unemployment benefits (for which you must be holding yourself out as ready, willing, and able to work),[2] (3) reporting to treating psychologists that he is unable to find work, and (4) pursuing vocational training, must not consider himself to have a mental or physical impairment that would preclude his ability to work. Indeed, those facts make it clear that Plaintiff not only considered himself ready, willing, and able to work, but also was looking for work (albeit unsuccessfully) and pursuing vocational training to aid his job search. Even two of his treating psychologists did not consider his mental health to be a disabling functional limitation that would preclude his ability to work: Instead, they both agreed—and reported—that Plaintiff's prognosis would likely improve if he obtained employment. R. 27–28; see also R. 816. And one of those psychologists, in fact, even recommended that Plaintiff be referred to vocational rehabilitation, which further proves that Plaintiff's own treating psychologist thought his mental limitations did not preclude his ability to work. R. 26.

Because the ALJ thoroughly explained the evidentiary basis for Plaintiff's RFC determination, the undersigned concludes that the ALJ's determination of Plaintiff's RFC

---

[2] Plaintiff's argument that this evidence should not be considered is plainly without merit. Numerous courts within this Circuit—including this court—have repeatedly held that the acceptance of unemployment benefits may weigh against an individual's claim for disability. See, e.g., Montgomery v. Colvin, No. 3:16–CV–46, 2017 WL 1097215, at *16 (N.D. W. Va. Mar. 3, 2017) (compiling cases), adopted by 2017 WL 110042 (N.D. W. Va. Mar. 22, 2017). And this is consistent with Social Security Administration Memorandum 10–1258, which states that "[t]he receipt of unemployment benefits is only one of many factors that must be considered in determining whether the claimant is disabled." Mem. 10–1258 (Aug. 9, 2010) (emphasis added) (citing 20 CFR §§ 404.1512(b), 416.912(b)). Accordingly, the ALJ correctly applied the law when he considered Plaintiff's receipt of unemployment benefits during the ALJ's RFC determination.

does not frustrate meaningful review. Accordingly, the undersigned concludes that the ALJ's error, if any, is harmless.

### b. The ALJ Properly Accounted for Plaintiff's Mental Limitations When Determining Plaintiff's RFC

Second, Plaintiff argues that the ALJ failed to account for Plaintiff's mental limitations in concentration, persistence, or pace when the ALJ determined Plaintiff's RFC. This argument is, however, disingenuous—at best.

In support of his argument, Plaintiff insists that the ALJ's RFC determination <u>only</u> limited Plaintiff to "'unskilled [sic] low stress (meaning work in a stable environment) work.'" ECF No. 7, 9 (quoting (purportedly) R. 24).³ That is simply not so. Even a cursory review of the ALJ's RFC determination makes clear that the ALJ included <u>two</u> nonexertional limitations in Plaintiff's RFC: Plaintiff is "limited to unskilled, low stress (meaning work in a stable environment) work <u>with minimal (which is less than occasional, but more than none) interaction with the public.</u>" R. 25 (emphasis added).

It should go without saying that if counsel chooses to represent certain text to the court as a quote, counsel should be sure to represent that quote accurately. If, for whatever reason, Plaintiff only wanted to quote the first functional limitation in Plaintiff's RFC, Plaintiff should have included an ellipsis to indicate to the Court that additional text followed (e.g., The ALJ included a limitation for "unskilled, low stress (meaning work in a stable environment) work . . . ."). Instead, Plaintiff bases his entire argument on the misrepresentation that the ALJ only included one functional limitation, a limitation that (according to <u>Mascio</u>) only address Plaintiff's ability to perform simple tasks, but not

---
³ Although Plaintiff cites page twenty-four, the relevant text actually appears on page twenty-five of the record.

Plaintiff's ability to stay on task. If this representation were true, Plaintiff's argument may have merit.

Here, however, Plaintiff's argument that the ALJ did not properly account for Plaintiff's moderate difficulties with concentration, persistence, or pace when determining his RFC, is plainly without merit. In Mascio, the Fourth Circuit noted "that an ALJ does not account 'for a claimant's limitation in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638 (quoting Winschel, 631 F.3d at 1180). But, here, the ALJ here did not limit Plaintiff to work that is just simple, repetitive, and unskilled. R. 25. Rather, the ALJ limited Plaintiff to "unskilled, low stress (meaning work in a stable environment) work with minimal (which is less than occasional, but more than none) interaction with the public." R. 25. The first limitation properly addresses Plaintiff's ability to perform simple tasks—whereas the latter limitations address Plaintiff's ability to stay on task. See Rayman v. Comm'r Soc. Sec., No. SAG-14-3102, 2015 WL 6870053, at *3 (D. Md. Nov. 6, 2015) ("While limitation to unskilled work alone is insufficient under Mascio, here the ALJ included other limitations that clearly account for [the plaintiff]'s moderate limitation in concentration, persistence, or pace."). Indeed, limiting Plaintiff's interaction with the general public will limit the number of interruptions and distractions that would exacerbate Plaintiff's difficulties with concentration, persistence, or pace.[4]

Based on the foregoing, the undersigned concludes that the ALJ's determination of Plaintiff's RFC properly accounts for Plaintiff's mental limitations.

---

[4] To the extent the ALJ's decision does not explicitly explain how the limitations imposed in Plaintiff's RFC account for his mental limitations, the ALJ's failure does not frustrate meaningful review because those limitations logically address Plaintiff's mental impairment. Therefore, the ALJ's error in that regard, if any, is harmless.

11

## 2. The ALJ's Assessment of Plaintiff's Subjective Complaints is Supported by Substantial Evidence

Next, Plaintiff argues that the ALJ erroneously evaluated Plaintiff's subjective complaints for two reasons: First, Plaintiff insists that the ALJ applied the incorrect legal standard; Second, Plaintiff seemingly takes issue with the ALJ's ultimate conclusion that Plaintiff's subjective complaints were inconsistent with the evidence of record.[5]

To determine whether a claimant has the residual functional capacity ("RFC") to perform other work, under step five, the ALJ is bound by a two-step process. See Criss v. Comm'r of Soc. Sec., No. 5:16CV86, 2017 WL 2730647, at *3 (N.D. W. Va. June 26, 2017) (citing Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996)).

> First, the ALJ must expressly consider whether the claimant has demonstrated, through objective medical evidence, that a medical impairment exists that is capable of causing the degree and type of pain alleged. Second, the ALJ must consider the credibility of the claimant's subjective allegations of pain in light of the entire record.

Id. (citations omitted).

Here, Plaintiff argues that the ALJ's evaluation of Plaintiff's subjective complaints did not satisfy the first step of that two-step process. ECF No. 13 at 11. More specifically, Plaintiff argues that the ALJ did not find "that a medical impairment exists that is capable of causing the degree and type of pain alleged." That is not so. By concluding that Plaintiff has two severe impairments (anxiety and major depressive disorders), the ALJ obviously concluded that Plaintiff met his threshold obligation of showing that a medical impairment exists that is capable of causing the degree and type of pain alleged. See R. 22–23. Once Plaintiff makes said showing, the ALJ is not,

---

[5] Although Plaintiff also argues that the ALJ incorrectly relied on Plaintiff's receipt of unemployment benefits when assessing Plaintiff's credibility, that argument is—as stated above—plainly without merit. See supra note 2.

however, required (as Plaintiff suggests) to exclusively rely on Plaintiff's subjective complaints of pain. Nor does the Fourth Circuit's decision in Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) require such a drastic conclusion. In Hines, the Fourth Circuit concluded that "[t]he ALJ applied an incorrect legal standard when he required objective evidence of pain." 453 F.3d at 563. But, here, the ALJ did not require Plaintiff to provide objective evidence of pain. Rather, in order to assess Plaintiff's credibility, the ALJ compared Plaintiff's subjective complaints of pain against the relevant evidence of record, including evidence of Plaintiff's lifestyle and education.[6] This leads us to Plaintiff's final argument that the ALJ erred when he concluded that Plaintiff's subjective complaints of pain were inconsistent with the relevant evidence of record.

As stated above, the second step requires the ALJ to "consider the credibility of the claimant's subjective allegations of pain in light of the entire record." Criss, 2017 WL 2730647, at *3 (citing Craig, 76 F.3d at 594). The ALJ's credibility "determination . . . must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186 (July 2, 1996) (emphasis added). Because the ALJ has the opportunity to observe the demeanor of the claimant, the ALJ's observations concerning the claimant's credibility are given great weight. Shively, 739 F.2d at 989–90. In fact, this Court has determined that "[a]n ALJ's credibility determinations are 'virtually unreviewable' . . . ." Ryan v. Astrue, No.

---

[6] In addition, the Fourth Circuit's decision in Hines is readily distinguishable because unlike the ALJ in Hines who refused to credit the medical opinion of the plaintiff's treating physician, 453 F.3d at 563, here, the ALJ relied on several reports from Plaintiff's treating psychologists and only discredited one such report because it was generally inconsistent with Plaintiff's medical history, see R. 25–31.

13

5:09CV55, 2011 WL 541125, at *3 (N.D. W. Va. Feb. 8, 2011) (emphasis added); see also Darvishian v. Geren, 404 F. App'x 822, 831 (4th Cir. 2010) ("The Administrative Judge also made certain credibility determinations, which are 'virtually unreviewable' by this court on appeal." (quoting Bieber v. Dept. of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002))). "If the ALJ meets . . . her basic duty of explanation, then 'an ALJ's credibility determination [will be reversed] only if the claimant can show [that] it was "patently wrong."'" Criss, 2017 WL 2730647, at *3 (alteration in original) (emphasis added) (citations omitted); see also Eldeco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997) ("When factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" (quoting NLRB v. Air Prods. & Chems., Inc., 717 F.2d 141, 145 (4th Cir. 1983))).

Here, the ALJ properly considered all of the evidence of record when he determined that Plaintiff's subjective complaints about the severity of his alleged disability were inconsistent with the objective medical evidence and that assessment was sufficiently specific and is not patently wrong. Indeed, as discussed above, the ALJ's six-plus page analysis thoroughly compared Plaintiff's subjective complaints against all of the relevant evidence. There, among other things, the ALJ noted that (1) Plaintiff worked after his alleged onset date (indicating that he was able to work), (2) Plaintiff received unemployment benefits (indicating that he held himself out as ready, willing, and able to work), (3) Plaintiff reported not being able to find work to treating psychologists (indicating that he was looking for work because he considered himself able to work), (4) Plaintiff completed a two-year vocational program focused on computer programing (indicating that he was capable of learning and performing

assignments as that program required), (5) Plaintiff's treating psychologists reported that his prognosis would likely improve if he obtained work (indicating that they thought he was capable of working), and (6) one of Plaintiff's psychologists even recommended that Plaintiff be referred to vocational rehabilitation (indicating that said psychologist thought Plaintiff was capable of working). R. 25–31. But there's more. The ALJ also noted that Plaintiff reported going to church and the library, watching movies, visiting with friends and family, and reading. R. 26–29, 55. In addition, he initially reported caring for his sister after she suffered a heart attack, but later reported only keeping her company. R. 28–29. Also, Plaintiff initially reported not receiving any medical treatment while he was incarcerated for a probation violation, but he later acknowledged that he received some medical treatment after the first two months. R. 28, 53–54.

Based on the foregoing, the undersigned concludes that the ALJ properly considered all of the evidence of record when determining Plaintiff's credibility. In addition, after a careful review of the ALJ's decision and the evidence of record, the undersigned further finds that the ALJ's credibility assessment was sufficiently specific. Because the ALJ met his basic duty of explanation, the ALJ's credibility determination will only be reversed if it is patently wrong. See Criss, 2017 WL 2730647, at *3 (citations omitted). Here, Plaintiff fails to satisfy this high burden. Accordingly, the undersigned concludes that the ALJ's credibility assessment is supported by substantial evidence. See Perales, 402 U.S. at 401.

## VI. RECOMMENDATION

For the foregoing reasons, I find that the Commissioner's decision denying Plaintiff's claim for DIB and SSI is supported by substantial evidence. Accordingly, I

15

**RECOMMEND** that Plaintiff's Motion for Summary Judgment [ECF No. 12] be **DENIED**, Defendant's Motion for Summary Judgment [ECF No. 15] be **GRANTED**, the decision of the Commissioner be **AFFIRMED** and this case be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 11th day of December, 2017.

_/s/ Robert W. Trumble_
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE