IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLIFTON VANCE,

    Plaintiff,

v.                                     Civil Action No. 5:16CV166
                                                (STAMP)
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. Procedural History

The plaintiff, by counsel, seeks judicial review of the defendant's decision to deny his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act. The plaintiff applied for DIB and SSI on June 12, 2013, alleging disability beginning April 15, 2012. He alleges that he is unable to work due to anxiety, major depressive disorders, obesity, hypertension, hyperlipidemia, obstructive sleep apnea, and restless leg syndrome. His claim was denied initially and again upon reconsideration. The plaintiff then filed a written request for a hearing, and the ALJ held a hearing on February 12, 2016. The plaintiff, represented by counsel, and an impartial vocational expert appeared at the hearing. The ALJ issued an unfavorable decision to the plaintiff, and the plaintiff appealed.

The Appeals Council denied the plaintiff's request for review, and the plaintiff timely brought his claim before this Court.

The ALJ used a five step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since April 15, 2012, his application date; (2) the plaintiff had the following severe impairments: anxiety and major depressive disorders; (3) none of the plaintiff's impairments met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff is capable of performing his past relevant work as a sorter and cook helper; and (5) "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Therefore, the ALJ found that the plaintiff did not have a disability as defined under the Social Security Act.

The plaintiff and the defendant both filed motions for summary judgment. The plaintiff's motion for summary judgment argues that the ALJ's decision is not supported by substantial evidence. Specifically, the plaintiff contends that the ALJ (1) erroneously assessed the plaintiff's Residual Functional Capacity ("RFC") and (2) erroneously evaluated the plaintiff's subjective complaints. The plaintiff requests that the Court reverse the ALJ's decision

2

and remand the case for further administrative proceedings. The defendant's motion for summary judgment argues that the ALJ's decision is supported by substantial evidence. Specifically, the defendant argues that (1) the ALJ appropriately accommodated the plaintiff's moderate limitations in concentration, persistence, or pace, and (2) the ALJ's assessment of the plaintiff's subjective complaints is supported by substantial evidence. Accordingly, the defendant requests that this Court affirm the ALJ's decision.

United States Magistrate Judge Robert W. Trumble then entered his report and recommendation, to which neither party filed objections. The magistrate judge recommends that this Court deny the plaintiff's motion for summary judgment, grant the defendant's motion for summary judgment, and accordingly dismiss with prejudice this civil action. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because neither party filed objections, this Court will review the magistrate judge's findings and recommendations under the clearly erroneous standard.

III. <u>Discussion</u>

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Id.</u> A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." <u>Thompson v. Astrue</u>, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report and recommendation. In making his recommendations, the magistrate judge first found that the ALJ did not erroneously assess the

plaintiff's RFC. The plaintiff argues that the assessment was erroneous because the ALJ (1) did not conduct the requisite function-by-function analysis and (2) did not include a limitation that accounted for the plaintiff's moderate difficulty with concentration, persistence, or pace in the plaintiff's RFC. As to the plaintiff's first argument, the magistrate judge found that the ALJ's analysis does not frustrate meaningful review because the record is adequate and substantially supports the ALJ's RFC determination. The magistrate judge noted that the ALJ's thorough step-five analysis spans six-plus pages and summarizes the plaintiff's mental history and treatment from May 2012 to February 2016. ECF No. 9-2 at 26-32. The magistrate judge found the plaintiff's second argument disingenuous because "[e]ven a cursory review of the ALJ's RFC determination makes clear that the ALJ included <u>two</u> nonexertional limitations in Plaintiff's RFC." ECF No. 28 at 10. Specifically, the ALJ stated that the plaintiff is "limited to unskilled, low stress (meaning work in a stable environment) work with minimal (which is less than occasional, but more than none) interaction with the public." ECF No. 9-2 at 26.

Next, the magistrate judge found that the ALJ's assessment of the plaintiff's subjective complaints is supported by substantial evidence. The plaintiff argues that the ALJ's evaluation of the plaintiff's subjective complaints did not satisfy the requisite two-step process under the step-five analysis because "[t]he ALJ

5

made no finding regarding whether the Plaintiff had established by objective medical evidence an impairment which could cause the degree and type of subjective symptoms alleged." ECF No. 13 at 11. However, the magistrate judge determined that, by concluding that the plaintiff has two severe impairments, the ALJ concluded that the plaintiff met his threshold obligation of showing that a medical impairment exists that is capable of causing the degree and type of pain alleged. ECF No. 9-2 at 23-24. The magistrate judge found that, once the plaintiff made that showing, the ALJ was not required to rely exclusively on the plaintiff's subjective complaints of pain, but rather was required to weigh the subjective complaints against the relevant evidence of record.

The plaintiff also takes issue with the ALJ's ultimate conclusion that the plaintiff's subjective complaints were inconsistent with the evidence of record. However, the magistrate judge concluded that, over the course of six-plus pages, the ALJ properly considered all of the evidence of record when determining the plaintiff's credibility and that the ALJ's credibility assessment was sufficiently specific. ECF No. 9-2 at 26-32.

This Court finds no error in any of the above determinations of the magistrate judge and thus upholds his rulings.

## IV. Conclusion

For the reasons above, the magistrate judge's report and recommendation (ECF No. 28) is hereby AFFIRMED and ADOPTED. Thus,

the defendant's motion for summary judgment (ECF No. 15) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 12) is DENIED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 12, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE